SWEAIN, Respondent, vs. DONAHUE and another, Appellants.

*November 27 — December 15, 1899.*

*Master and servant: Personal injuries: Negligence: Contributory negli-*
*gence: Instructions to jury: Prejudicial error: Appeal: Bill of ex-*
*ceptions.*

1.  Plaintiff, a laborer, was injured while employed with defendant, his
    employer, and a teamster in loosening skids.  After seven or eight
    skids had been removed, the teamster tried a skid which held fast,
    and plaintiff and the teamster commenced chopping to loosen it,
    plaintiff working so near the skid, his back to the team, that, if
    the skid should loosen suddenly, it would very likely do just what
    was done; whereupon defendant, without warning plaintiff, di-
    rected the teamster to start the team.  The log snapped loose and
    was jerked around, crushing plaintiff's leg.  *Held*, that the failure
    to warn, taken in connection with the circumstances under which
    plaintiff was working, established actionable negligence, and that
    there was nothing in the circumstances to charge him with con-
    tributory negligence as a matter of law.

2.  Instructions from which it might be said the court assumed facts
    that did not exist, or facts which were denied by the defendant,
    are without prejudice, where the jury were given to understand
    that *they* were to determine the facts, and render their verdict ac-
    cordingly.

3.  This court cannot review questions of fact, arising from evidence,
    unless the recital, reduced to writing, is capable of conveying defi-
    nite and distinct ideas, as applied to the matter under considera-
    tion.

APPEAL from a judgment of the circuit court for Marathon
county: CHAS. M. WEBB, Judge.  *Affirmed.*

Plaintiff secured a judgment for $2,500 and costs for in-
juries claimed to have been sustained by him by reason of
the negligence of the defendant *Donahue.*  The defendants
are copartners engaged in logging.  Plaintiff entered their
employment as a laborer.  On March 12, 1896, plaintiff, the
defendant *Donahue,* and one Munster, the teamster, were en-
gaged in taking out, and sawing into logs, some skids that

had been in use during the winter. These skids were forty
or fifty feet long, about one foot in diameter at the large
end, and six inches at the other. They lay at right angles
with the road, the large end being nearest the road, and
were grouped in pairs. They were seven or eight feet apart
next to the road, and about four feet at the other end. They
lay flat on the ground, and were partially embedded in snow
and ice. The work being done was to get the skids loose
and saw them into logs. Seven or eight pieces had been
taken up before the accident. The teamster would hitch his
team to the large end, and give it a pull. If it did not come
loose, they would chop the snow and ice away from the sides
until it could be loosened. At the time of the accident the
teamster had tried the skid with the team, but it held fast.
Both plaintiff and the teamster commenced chopping to
loosen it. Plaintiff was working between the two skids, with
his back to the team. *Donahue* came up, and directed the
teamster to start the team, without warning plaintiff. The
log snapped loose from the ice, and was jerked around, catch-
ing plaintiff's leg, and crushing it so badly that it had to be
amputated. The defendants take this appeal, and claim that
no negligence is shown; that the verdict is against the weight
of the evidence; and that the court misdirected the jury.

For the appellants the cause was submitted on the brief
of *Ryan, Hurley & Jones.*

For the respondent there was a brief by *Van Hecke &
Smart,* and oral argument by *John Van Hecke.*

B<small>ARDEEN</small>, J. A careful review of the whole case left me
with the impression that the evidence of defendants' negli-
gence was hardly sufficient to support the verdict, but the
other members of the court are of opinion there was suffi-
cient to go to the jury, and that their finding thereon ought
not to be disturbed. This conclusion is based upon the fact
that it was negligence for the defendant to direct the team

to be started, without warning, while the plaintiff was standing so near the skid, his back to the team, that, if the log should loosen suddenly, it would very likely do just what was done in this case, swing around and cause injury. The defendant must certainly have known of plaintiff's position with reference to the log. He must also have known that, if force was suddenly applied to the log, partially embedded in ice, it would be likely to snap loose, as the logs had done they had worked on before. No doubt plaintiff possessed the same knowledge, but he was standing at work, with his back to the team, at a point where the log, if suddenly loosened, would swing toward him. Being unaware of the intention to start the team, he continued his work and was injured. The failure to warn, taken in consideration with the circumstances under which he was working, is considered sufficient to establish actionable negligence. There is nothing in the circumstances to charge the plaintiff with contributory negligence as a matter of law. The case on this point was fairly submitted to the jury, and their conclusion thereon is final.

In stating the claims of the parties and the circumstances of the accident, the court used the following language: "While so at work, and engaged in the particular work of loosening a particular stick, for the purpose stated, in the act of pulling, by the team, loose, the skid was rapidly thrown against the plaintiff, pressing his leg against another skid near by, and broke his leg." This is attacked upon the ground that the court has assumed facts that did not exist, or facts which were denied by the defendant. This complaint is hypercritical; for, immediately following the language quoted, the court said: "The precise facts preceding and attending the accident, and which caused the accident, and the particular action of those present at the time — the plaintiff, defendant *Donahue*, the teamster, and his team, — so far as they had to do in causing the accident,

must be ascertained and determined by you as best you may from the whole evidence in the case; and upon the facts so ascertained by you, and within appropriate legal principles here stated by the court, you are to determine the rights and liabilities of the parties respectively." It is not easy to see how defendant could have been prejudiced, in view of this latter statement, even if it be conceded that the language first quoted assumed facts to have existed which did not exist. The jury were given to understand that *they* were to determine the facts, and render their verdict accordingly. This was done, and their finding has passed the scrutiny of the trial court. It being considered that the evidence shows actionable liability, no good reason appears for disturbing the verdict.

There is one infirmity in the testimony to which we wish to direct attention. In this, as in other cases that have recently been brought to our consideration, witnesses were allowed to testify as to objects before them, or with reference to facts known to the counsel and witness, in a way that, when reduced to writing, conveys no definite idea to the reader. As illustrating this difficulty, we take the following from many instances of the kind in the case: A witness was being interrogated as to his position with reference to the skid. His answer was: "I was standing on this side of this other skid. *Q.* Were you near that end or this end? *A.* Well, probably in the middle of the skid on the other side. *Q.* And you say you raised that ax, and was chopping that way? *A.* Chopping this way (indicating). *Q.* But you didn't try to step on this side of the log? *A.* No; I tried to run this way (indicating)." It is needless to say that such testimony fails entirely to convey any clear idea of the situation. Counsel ought always to bear in mind that this court cannot review questions of fact arising from the evidence, unless the recital, reduced to writing, is capable of conveying definite and distinct ideas, as applied to

the matter under consideration. A little more lively appreciation of this fact, with greater vigilance on the part of attorneys, will save this court some vexation, and possibly save their cases.

*By the Court.*— The judgment of the circuit court is affirmed.